[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION AND MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY
The plaintiff's complaint dated May 6, 1998, alleges that the plaintiff and the defendant entered into a written agreement wherein the plaintiff agreed to sell and the defendant agreed to buy real property at 50 Trolley Circle, Milford, Connecticut. On or about March 16, 1998, prior to closing, it was discovered that a tenant remained on the premises of 50 Trolley Circle. The parties agreed at the closing that Attorney Hayes would hold the net proceeds due the plaintiff, less adjustments of $459.65 representing the per diem rent for 15 days, plus tenant's security of $900 together with accrued interest. The defendant, Allison Britting, took possession on or about March 31, 1998. The plaintiff claims a balance due of $10,967.19.
On September 16, 1998, the plaintiff filed a motion for summary judgment as to the defendants' liability on the complaint. This court, Grogins, J., granted the motion for summary judgment as to liability on October 19, 1998. The defendant, Michael Hayes, has now filed a motion for articulation as to the reasons for the court's decision.
The court grants the motion for articulation and now files this memorandum of decision to serve as the requested articulation. CT Page 5937
"The standards governing . . . a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, ___ A.2d ___ (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.
The affidavit of the plaintiff, Angelo to Conte, attests to the fact that the plaintiff had an oral agreement with the defendant concerning the creation of a escrow account that would receive a portion of sums due the plaintiff from the sale of his real property as necessitated by the tenants' untimely vacancy. The plaintiff's affidavit further attests that the plaintiff expected to receive the monies held in the escrow account once the tenants had vacated.
In the defendant's "Reply to Demand for Disclosure of Defenses," the defendant, Allison Britting, states, in part, that: "the general nature of the defense is that this action arises from an oral agreement between the parties related to a post-closing escrow account. . . ." Likewise, in his opposition to the motion for summary judgment, the defendant, Michael Hayes, offers an affidavit which attests to the fact that an escrow account was to be established and that this escrow account would be disbursed to the plaintiff once the defendant Allison Britting was reimbursed for certain expenses incurred as a result of the delay in occupancy and possession.
Thus, either through pleading or affidavit, the defendants admit that there was an oral agreement concerning the post-closing escrow account. Furthermore, the defendants do not dispute the fact that the plaintiff is entitled to, at the very least, a portion of the monies in the escrow account. As evident CT Page 5938 from the defendants' pleadings, both defendants argue, instead, that there are questions of fact concerning the underlying obligation to the plaintiff. These questions of fact necessarily include specifics of the oral agreement such as the amount of money the defendant Britting would be reimbursed for by the delay in occupancy and possession of the real property. However, neither of the defendants have offered an evidentiary foundation that would create a question of fact as to the actual existence of the oral agreement, or the underlying purpose of the escrow account created by this agreement.
Practice Book § 385, now Practice Book (1998 Rev.) § 17-50, states, in part, that a "summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages." Through his affidavit, the plaintiff has proffered evidence of an escrow account created for his benefit by an oral agreement with the defendant Britting. The defendants have not their burden of offering a foundation tending to show that such an escrow account does not exist or that the oral agreement never took place. Rather, the pleadings and evidence offered by the defendants shows that there are questions of fact, but only as to the amount of money the plaintiff can recover from the escrow account. Since there appear to be no questions of material fact concerning the existence of an escrow account created by the defendants for the benefit of the plaintiff, the plaintiff's motion for partial summary judgment, as to liability only, is granted.
GROGINS, J.